**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Raymond E. Brown, Esq. (SBN 164819)
Jason Y. Chao, Esq. (SBN 250735)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
rbrown@aguileragroup.com
jchao@aguileragroup.com

Attorneys for Plaintiffs, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KB HOME NORTH BAY, INC., a California corporation; KB HOME SACRAMENTO, INC., a California corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) BREACH OF CONTRACT; and**<br>**(3) EQUITABLE REIMBURSEMENT**<br><br>**JURY DEMAND** |

For their claims against Defendants KB HOME NORTH BAY, INC., fka KAUFMAN and BROAD OF NORTHERN CALIFORNIA, INC. and KB HOME SACRAMENTO, INC. (hereinafter referred to as "KB HOME" or "Defendants") and Does 1 through 10, Plaintiffs TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter, referred to as "TRAVELERS" or "Plaintiffs") allege as follows:

1

**JURISDICTION**

1.     Plaintiff TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TRAVELERS INDEMNITY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS INDEMNITY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2.     Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS PROPERTY") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS PROPERTY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3.     Defendant KB HOME NORTH BAY, INC., fka KAUFMAN and BROAD OF NORTHERN CALIFORNIA, INC. is a corporation existing under the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California. KB HOME NORTH BAY, INC. is, and at all times relevant was, a home builder doing business in the State of California.

4.     Defendant KB HOME SACRAMENTO, INC. is a corporation existing under the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California. KB HOME SACRAMENTO, INC. is, and at all times relevant was, a home builder doing business in the State of California.

5.     Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action. All Defendants, including DOES 1 through 10 are hereinafter collectively referred to as "KB HOME".

6.     This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action

1  between citizens of different states in which the matter in controversy exceeds, exclusive of costs
2  and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and
3  represents fees and costs sought by KB HOME from Plaintiffs in connection with its defense and/or
4  indemnification in the Underlying Action. This Court has diversity jurisdiction as Plaintiffs are
5  domiciled in Connecticut, and Defendants are domiciled in California.

## VENUE

7.  Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The underlying action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

**A.   The Insurance Policies**

**(1) The All American Fence Policies**

8.  TRAVELERS INDEMNITY issued the following commercial general liability policies under which All American Fence Corporation, was a named insured: policy number 4T22-CO-4052N20A, effective from 4/14/09 to 4/14/10; and policy number 4T22-CO-7712X571, effective from 4/14/10 to 3/31/13 (hereinafter referred to collectively as the "All American Fence Policies").

9.  Under the terms of the All American Fence Policies, TRAVELERS INDEMNITY was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the All American Fence Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS INDEMNITY with regard to all aspects of its coverage, including any defense afforded under the policy. The All American Policies contain the Commercial General Liability Coverage Form CG 00 01 10 01 which specifically provides in part as follows:

///

///

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

10. The All American Fence Policies further require that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit'" and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

11. In addition, the All American Fence Policies provide that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

**(2) The Foremost Policies**

12. TRAVELERS PROPERTY issued the following commercial general liability policies under which Foremost Superior Marble, Inc., was a named insured: policy number 680-359Y8564-TIL, effective from 08/01/02 – 08/01/03 (hereinafter referred to collectively as the "Foremost Policies").

13. Under the terms of the Foremost Policies, TRAVELERS PROPERTY was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Foremost Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS PROPERTY with regard to all aspects of its coverage, including any defense afforded under the policy. The Foremost Policies contain the Commercial

General Liability Coverage Form CG 00 01 10 93 which specifically provides in part as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

14. The Foremost Policies further require that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation, settlement or defense of the claim or "suit;" and "[a]ssist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply."

15. In addition, the Foremost Policies provide that "[n]o insureds will, except their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

**B.    The Underlying Action**

16. On or about November 18, 2013, various homeowners in the Tamarindo Tapestry and Tamarindo Artistry developments located in Elk Grove, California, filed the action entitled *Abid, et al. v. KB Home Sacramento, Inc.*, *et al.*, Sacramento County Superior Court, Case No. 34-2013-00153574 alleging a variety of construction defects (the "Underlying Action"). The complaint alleges causes of action for: 1) Strict Products Liability; 2) Strict Products Liability (Component Products); 3) Breach of Implied Warranty (Merchantability); 4) Breach of Contract; 5) Negligence; 6) Breach of Express Warranty; 7) Violation of Building Standards As Set Forth In California Civil Code § 895, et seq.

17. On or about May 14, 2014, KB HOME, by and through its legal representative, Glaspy & Glaspy, Inc., tendered the Underlying Action to TRAVELERS INDEMNITY as an

1  additional insured under the All American Fence Policies.

2  18. On October 15, 2014, TRAVELERS INDEMNITY acknowledged receipt of the notice and sent correspondence to KB HOME immediately agreeing to fully and completely defend KB HOME in the Underlying Action as an additional insured under some or all of the All American Fence Policies, subject to a reservation of rights.  At that time, TRAVELERS INDEMNITY asserted its right to retain counsel of its choosing and advised KB HOME that it was retaining David Lee of Lee, Hernandez, Landrum & Garofalo to represent and defend KB HOME in the Underlying Action.

19. KB HOME has refused and is continuing to refuse to accept counsel appointed by TRAVELERS INDEMNITY to defend it in the Underlying Action.  Said refusal is in material breach of the subject insurance policies, and the implied covenant of good faith and fair dealing.

20. In addition, on or about December 16, 2013, KB HOME, by and through its legal representative, Glaspy & Glaspy, Inc., tendered the Underlying Action to TRAVELERS PROPERTY as an additional insured under the Foremost Policies.

21. On May 15, 2014, TRAVELERS PROPERTY acknowledged receipt of the notice and sent correspondence to KB HOME immediately agreeing to fully and completely defend KB HOME in the Underlying Action as an additional insured under some or all of the Foremost Policies, subject to a reservation of rights.  Thereafter, TRAVELERS PROPERTY asserted its right to retain counsel of its choosing and advised KB HOME that it was retaining David Lee of Lee, Hernandez, Landrum, Garofalo & Blake to represent and defend KB HOME in the Underlying Action.

22. KB HOME has refused and is continuing to refuse to accept counsel appointed by TRAVELERS PROPERTY to defend it in the Underlying Action.  Said refusal is in material breach of the subject insurance policies, and the implied covenant of good faith and fair dealing.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (By Plaintiffs Against All Defendants)

**Count One**

23. Plaintiffs hereby re-allege and incorporate by reference each of the allegations

contained in all preceding paragraphs of this Complaint as though fully set forth herein.

24. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS INDMENITY, on the one hand, and Defendant KB HOME on the other, concerning TRAVELERS INDEMNITY's rights, duties, and obligations under the All American Fence Policies.

25. Specifically, TRAVELERS INDEMNITY contends and is informed and believes that KB HOME disputes the following:

   a. TRAVELERS INDEMNITY contends that under the All American Fence Policies, it has the right to control the defense of Defendant KB HOME in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

   b. TRAVELERS INDEMNITY also contends that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860.

   c. TRAVELERS INDEMNITY also contends that Defendant KB HOME's refusal to acknowledge that TRAVELERS INDEMNITY has the right to control the defense and select counsel and its insistence that TRAVELERS INDEMNITY continue to pay the fees and costs of its personal counsel is a breach of its duty to cooperate under the All American Fence Policies, and therefore KB HOME is not entitled to coverage under the policies.

   d. In addition, TRAVELERS INDEMNITY contends that pursuant to the no-voluntary payments clause in the All American Fence Policies, TRAVELERS INDEMNITY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS INDEMNITY appointed counsel of its choosing in the Underlying Action.

26. TRAVELERS INDEMNITY has no complete and adequate remedy at law to resolve these disputes. TRAVELERS INDEMNITY seeks a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS INDEMNITY has the right to control the

defense of KB HOME in the Underlying Action; (2) that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant KB HOME's refusal to acknowledge that TRAVELERS INDEMNITY has the right to control the defense and select counsel and its insistence that TRAVELERS INDEMNITY continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the All American Fence Policies, and therefore KB HOME is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the All American Fence Policies, TRAVELERS INDEMNITY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS INDEMNITY appointed counsel of its choosing in the Underlying Action.

27. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS INDEMNITY and KB HOME may be determined under the provisions of the applicable policies of insurance.

**Count Two**

28. Plaintiffs hereby re-allege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

29. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS PROPERTY, on the one hand, and the Defendant KB HOME on the other, concerning TRAVELERS PROPERTY's rights, duties, and obligations under the Foremost Policies.

30. Specifically, TRAVELERS PROPERTY contends and is informed and believes that KB HOME disputes the following:

    a. TRAVELERS PROPERTY contends that under the Foremost Policies, it has the right to control the defense of Defendant KB HOME in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

    b. TRAVELERS PROPERTY also contends that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860.

      c. TRAVELERS PROPERTY also contends that Defendant KB HOME's refusal to acknowledge that TRAVELERS PROPERTY has the right to control the defense and select counsel and its insistence that TRAVELERS PROPERTY continue to pay the fees and costs of its personal counsel is a breach of its duty to cooperate under the Foremost Policies, and therefore KB HOME is not entitled to coverage under the policies.

      d. In addition, TRAVELERS PROPERTY contends that pursuant to the no-voluntary payments clause in the Foremost Policies, TRAVELERS PROPERTY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS PROPERTY appointed counsel of its choosing in the Underlying Action.

31. TRAVELERS PROPERTY has no complete and adequate remedy at law to resolve these disputes. TRAVELERS PROPERTY seeks a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS PROPERTY has the right to control the defense of KB HOME in the Underlying Action; (2) that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant KB HOME's refusal to acknowledge that TRAVELERS PROPERTY has the right to control the defense and select counsel and its insistence that TRAVELERS PROPERTY continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the Foremost Policies, and therefore KB HOME is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Foremost Policies, TRAVELERS PROPERTY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS PROPERTY appointed counsel of its choosing in the Underlying Action.

32. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS PROPERTY and KB HOME may be determined under the provisions of the applicable policies of insurance.

///

///

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

### (By Plaintiffs Against All Defendants)

**Count One**

33.     Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

34.     Under the terms of the All American Fence Policies, TRAVELERS INDEMNITY maintains the right to control the defense of its insured and any additional insureds, including Defendant KB HOME, and said insureds have a mandated duty to cooperate with TRAVELERS INDEMNITY with regard to all aspects of coverage, including any defense afforded under the policies.

35.     TRAVELERS INDEMNITY has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the All American Fence Policies.

36.     Defendant KB HOME has breached the referenced insurance policies by breaching its duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that TRAVELERS INDEMNITY has the right to control the defense and select counsel in the Underlying Action and by insisting that TRAVELERS INDEMNITY continue to pay the fees and costs of KB HOME's personal counsel. Said breaches have substantially prejudiced TRAVELERS INDEMNITY's ability to provide KB HOME with a defense, thereby relieving TRAVELERS INDEMNITY of its obligations under the policies.

37.     As a result of KB HOME's breach of the All American Fence Policies, TRAVELERS INDEMNITY has been damaged in the amount of all defense fees and costs they have paid and will pay on behalf of KB HOME in defense of the Underlying Action, in a sum according to proof at trial, including but not limited to a denial of policy benefits.

**Count Two**

38.     Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

39.     Under the terms of the Foremost Policies, TRAVELERS PROPERTY maintains the

right to control the defense of its insured and any additional insureds, including Defendant KB HOME, and said insureds have a mandated duty to cooperate with TRAVELERS PROPERTY with regard to all aspects of coverage, including any defense afforded under the policies.

40. TRAVELERS PROPERTY has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Foremost Policies.

41. Defendant KB HOME has breached the referenced insurance policies by breaching its duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that TRAVELERS PROPERTY has the right to control the defense and select counsel in the Underlying Action and by insisting that TRAVELERS PROPERTY continue to pay the fees and costs of KB HOME's personal counsel. Said breaches have substantially prejudiced TRAVELERS PROPERTY's ability to provide KB HOME with a defense, thereby relieving TRAVELERS PROPERTY of its obligations under the policies.

42. As a result of KB HOME's breach of the Foremost Policies, TRAVELERS PROPERTY has been damaged in the amount of all defense fees and costs they have paid and will pay on behalf of KB HOME in defense of the Underlying Action, in a sum according to proof at trial, including but not limited to a denial of policy benefits.

**THIRD CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT**

**(By Plaintiffs Against All Defendants)**

43. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

44. TRAVELERS has paid or will pay certain defense fees and costs incurred by Defendant KB HOME in defense in the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed to participate in Defendant KB HOME's defense, it reserved its rights to seek reimbursement from Defendant KB HOME of any defense related payments that it may make that are not potentially covered under the applicable insurance policies.

45. As a result of KB HOME's breach of the insurance policies set forth above, TRAVELERS' duty to defend KB HOME has now ceased and any payments made to KB HOME

for fees incurred from the date of tender until the date of KB HOME's breach constitute an entire defense.

46. Plaintiffs' insurance policies require that it defend and indemnify only those claims covered under its policies. To the extent that Plaintiffs pay fees or costs incurred by or on behalf of Defendant KB HOME in connection with the Underlying Action, which fees or costs are not potentially covered under TRAVELERS' insurance policies, Defendant KB HOME will have been unjustly enriched by such payments.

47. As a result of Defendant KB HOME's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under TRAVELERS' insurance policies, plus interest. The precise amount of the reimbursement that is appropriate will be subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a declaration of this Court of the following: (1) that TRAVELERS INDEMNITY has the right to control the defense of KB HOME in the Underlying Action; (2) that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant KB HOME's refusal to acknowledge that TRAVELERS INDEMNITY has the right to control the defense and select counsel and its insistence that TRAVELERS INDEMNITY continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the All American Fence Policies, and therefore KB HOME is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the All American Fence Policies, TRAVELERS INDEMNITY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS INDEMNITY appointed counsel of its choosing in the Underlying Action.

2. For a declaration of this Court of the following: (1) that TRAVELERS PROPERTY has the right to control the defense of KB HOME in the Underlying Action; (2) that Defendant KB HOME is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant KB HOME's refusal to acknowledge that TRAVELERS PROPERTY has

the right to control the defense and select counsel and its insistence that TRAVELERS PROPERTY continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the Foremost Policies, and therefore KB HOME is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Foremost Policies, TRAVELERS PROPERTY is not obligated to pay any fees and costs incurred by KB HOME's personal counsel subsequent to the date that TRAVELERS PROPERTY appointed counsel of its choosing in the Underlying Action.

3. For general damages in an amount to be proven at trial, but in no event less than $200,000, including but not limited to a denial of policy benefits;

4. For attorneys' fees and costs;

5. For prejudgment interest;

6. For costs of suit herein; and

7. For such other and further relief as this Court deems just and proper.

### JURY DEMAND

TRAVELERS hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: April 7, 2015        THE AGUILERA LAW GROUP, APLC

*A. Eric Aguilera*
A. Eric Aguilera, Esq.
Raymond E. Brown, Esq.
Jason Y. Chao, Esq.
Attorneys for Plaintiffs TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA